ISHAM C. LEVY *v.* WILLIAM C. ROYSTON ET UX.

1. FRAUDULENT CONVEYANCE. *Void description. Equity between grantor and grantee. Creditor's right. Cancellation.*

   A creditor's bill to set aside a fraudulent conveyance made by his debtor should not be dismissed, or relief narrowed, because the land is so defectively described in the deed as to render it void upon its face, since such a deed creates in the grantee as against the grantor an equity in the land intended to be conveyed which the creditor is entitled to have cancelled.

2. SAME. *Second deed. Procedure. Right to assail.*

   Where, in a creditor's suit to cancel for fraud a deed made by his debtor, the court after hearing the cause announced its conclusion that the deed was void because of a defective description of the land, and, before final decree entered, the debtor executed a second deed perfecting the description, the cause should, on complainant's application, be remanded to the rules and complainant allowed to file a supplemental bill assailing the second deed.

FROM the chancery court of Benton county.

HON. JULIAN C. WILSON, Chancellor.

Levy, appellant, was complainant in the court below; Royston and wife, appellees, were defendants there. From a decree, largely in defendant's favor, the complainant appealed to the supreme court. The facts are fully stated in the opinion of the court.

*W. A. McDonald,* and *Mayes & Longstreet,* for appellant.

We respectfully submit that the learned chancellor erred. The court below applied the strict rule which formerly obtained in actions to remove clouds, and which was practically to the effect that if the alleged conveyance which constituted the cloud would not have required proof in an action at law to defeat it, but was void on its face, that it could not operate to hinder and delay creditors in the enforcement of legal rights, or amount to a cloud on title.

In other words, the old rule was that if the instrument was void on its face it required no cancellation, but that cancellation could only be made on a conveyance regular on its face, but which should be void for some matter not apparent in the conveyance itself, and which could · be made matter of proof *aliunde.*

This was an improper view of this instrument. It is true that where an instrument is void for a patent ambiguity, it is not effectual without correction, but under the decisions of this court, and under the decisions of the majority of common law courts, this deed operated to convey from Royston to his wife such right and equity in the land as practically to give her an interest and an estate therein. The vendee, holding under defective deed, which insufficiently described the property, is the equitable owner of the premises. 12 L. R. A., 178.

The deed was certainly reformable. As between the husband and the wife this was a good conveyance. There was no such inherent fraud in the transaction between them as would have debarred the wife from enforcing the equity of reformation. *Cummins* v. *Steele,* 54 Miss., 647; *Koevnig* v. *Schmitz,* 71 Iowa, 175.

Section 4226, Code 1892, in relation to fraudulent conveyances, is very much broader and more comprehensive in its terms than former statutes, than the English statute, and broader than the general rule as announced by text writers.

By this section (4226) any act, or attempt at an act, to the execution of which there has been a substantial effort, the natural effect of which would be, if consummated, to hinder, delay and defraud creditors, will be held to have that effect and to be voidable.

In the second place, the chancellor erred in refusing on the application of complainant to remand the cause to rules and to grant complainant the right to amend his bill so as to assail the validity of the second conveyance from Royston to his wife, made on the 17th day of October, 1903.

*C. Lee Crum,* for appellees.

The allegations in the bill of complaint and the proof show that the deed which Royston attempted to make to his wife was absolutely void, for want of certainty in the description in the land, both the township and the range being omitted, with no other words to in any way identify it. This confessed and proven defect is a patent ambiguity, and renders the deed absolutely void. *Swazie* v. *McCrossin,* 13 Smed. & M., 320; *Holmes* v. *Evans,* 44 Miss., 247; *Bowers* v. *Andrews,* 52 Miss., 596.

Since the deed was void on its face for a patent ambiguity and transferred no interest in the land attempted to be conveyed, it necessarily follows that there was no conveyance, fraudulent or otherwise, and hence no jurisdiction for the court below.

The court below did not err in refusing to allow the complainant to amend his bill so as to set up the deed that Royston executed to his wife pending the trial of this case. She was a party to the suit and had full notice of all that was being done in the case at bar, and the last conveyance could not defeat the object of this suit. Besides this, the suit must be determined by the state of facts that existed at the time of its institution.

"The right of amendment is established by the statutes in each state, but there are certain principles which underlie these

statutes and control their operation. No amendment which is unfair to the opposite party will be allowed. It follows from this that no new cause of action can be added . . . for an amendment." 1 Am. & Eng. Ency. Law, 547; 1 Ency. Pl. & Pr., 472.

Argued orally by *James C. Longstreet*, for appellant.

CALHOON, J., delivered the opinion of the court.

Levy filed a creditors' bill against Royston and wife, alleging a conveyance from Royston to his wife to be fraudulent, and praying its cancellation, and subjection of the land conveyed to his debt due from Royston, except so much of it as may be selected or allotted as a homestead. The bill describes the land alleged to be so fraudulently conveyed as the "south half of section 1 and the southeast quarter of section 2, in township 4, of range 1 west," and charges that the conveyance of this land from the husband to the wife is void on its face because of invalid description of the land, but that it would deter purchasers from bidding at its sale. This conveyance is made an exhibit to the bill, and it recites its consideration as "one dollar and for the love that I have for my wife, Mahalie Royston," and its description of the property conveyed is "southeast quarter of (2) two, south half of one (1), said land being situated in Benton county, Mississippi," omitting sections, township, and range. The joint answer of the defendants denies the debt and sets up usury, and denies that the conveyance is void or fraudulent, or without consideration. Proof was taken, and, in the afternoon of a day of the session of the court, the chancellor announced his decision orally for the preparation of a decree to the effect that complainant recover his debt, after purging it of usury, but denying the cancellation of the conveyance on the sole ground that it was void on its face for invalid description. The idea was that it was nothing, and therefore no obstacle to levy and sale under execution. In this attitude of the case the court ad- .

journed until the next morning; but, pending this adjournment, Royston executed another conveyance to his wife, reciting a consideration of $800 borrowed from her, and describing the land properly. This conveyance was filed for record that morning at 6 o'clock A.M., before the court opened and before the decree was signed. Thereupon Levy moved the court to remand the cause to rules, with leave to him to amend his pleadings so as to attack this new transfer. The court overruled this motion, and entered decree in accordance with the oral announcement of the afternoon before.

We think it was error not to allow the amendment. But, aside from this, we do not think that, because of the invalidity of the description in the original conveyance, therefore it should not have been canceled, if the facts showed it was executed with a fraudulent purpose to defeat creditors of their right to resort to the land sought to be conveyed. As between Royston and his wife, it was a valid paper, in so far as it conferred upon her, and those claiming under her, the right in equity to have it reformed to conform to the actual intention prompting its execution. This equity existing, the record of it might well deter purchasers from bidding, and buying a lawsuit. The doctrine of voidness for uncertainty, as applied to actions of ejectment, does not apply to this proceeding by a creditor. He has a right to a cancellation of this equity.

*Reversed and remanded.*